Robinson, J.
The plaintiff in error claims:
“A. The exercise of the jurisdiction of the court of appeals to review the proceedings of the court below was not properly invoked, for the reason that the petition in error was filed more than seventy days subsequent to the entry of such decree.
*473 “B. A Court of Appeals has no power to weigh the evidence upon which a divorce decree has been rendered.”
Section 6, Article IV of the Ohio Constitution, in so far as applicable to the question here under consideration, reads: “The courts of appeals shall have * * * juriS(jietion * * * to review, affirm, modify or reverse the judgments of the courts of common pleas, superior courts and other courts of record within the district as may be' provided by law.”
This court in the case of Cincinnati Polyclinic v. Balch, 92 Ohio St., 415, held: ‘‘ Section 6, Article IV of the Constitution of Ohio as amended September 3, 1912, confers jurisdiction upon the courts of appeals to review, affirm, modify or reverse the judgments of the court of common pleas, superior courts, and other courts of record within the district. The general assembly has no power to enlarge or limit the jurisdiction conferred by the constitution of the state, but may provide by law for the method of exercising that jurisdiction.”
This interpretation of Section 6, Article IV, has been followed by this court in so many cases since its pronouncement that whatever views may be entertained as to the interpretation there given it has become the settled law of Ohio and further consideration or discussion of it would be unprofitable, and since the legislature has the power to “provide by law for the method of exercising that jurisdiction,” the statutory provision with reference to the mode of procedure necessary to be followed to invoke the jurisdiction of the court of appeals must control.
*474 Section 12270, General Code, provides: “No proceedings to reverse, vacate or modify a judgment or final order shall be commenced unless within seventy days after the entry of the judgment or final order complained of.”
This section fixes the time when the seventy-day limitation begins to run as the date of the entry of the judgment or final order.
In this case the entry of the judgment was on the 12th day of May, 1921, 103 days prior to the filing of the petition in error, and unless the overruling of the motion for a new trial was a “final order,” within the contemplation of Section 12270, the jurisdiction of the court of appeals was not invoked in the manner provided by law.
This court in the case of Chandler & Taylor Co. v. Southern Pacific Co., 104 Ohio St., 188, has defined judgments, as used in Section 6, Article IV of the Constitution, as follows: “The term comprehends all decrees and final orders rendered by a court of competent jurisdiction and which determine the rights of parties affected thereby,” thus bringing, for the purpose of the interpretation of that provision of the constitution, decrees and final orders within the definition of a judgment, but since this court has construed Section 6, Article IV, as conferring upon the general assembly the power to provide by law the method by which the court of appeals may exercise its jurisdiction it necessarily follows that the legislature in its use of terms prescribing the method of exercising the jurisdiction may define the terms it uses.
The legislature in Section 12258, General Code, has defined a final order as follows: “An order af *475 f eeting a substantial right in an action, when in effect it determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified, or reversed as provided in this title.”
In the interpretation then of the term “final order,” as used in Section 12270, General Code, or as used in Part Third, Title VI, Chapter 4, of the General Code, the interpretation which the legislature has given to the term in Section 12258, General Code, will be used rather than the definition which this court has recently given it in the case of Chandler & Taylor Co. v. Southern Pacific Co., supra, as used in the constitution.
This court had under consideration substantially the same question involving the interpretation of Section 12258, General Code, then Section 6707, Be-vised Statutes, in the case of Young v. Shallenberger, 53 Ohio St., 291, wherein it held: “The overruling of a motion for a new trial is not a final order to which error can be prosecuted,” and in the case of Dowty v. Pepple, 58 Ohio St., 395, wherein it held ‘ ‘ The six months within which error proceedings may be commenced under Section 6723, Bevised Statutes, begins to run from the date of the judgment sought to be reversed, and not from the overruling of the motion for a new trial. ’ ’
In the case of Craig v. Welply, 104 Ohio St., 312, this court held:
“1. The Schedule to the Constitution adopted in 1912 saves the laws then in force which are not inconsistent therewith, and statutory provisions then *476 existing applicable to .the method of exercising jurisdiction- are still valid and effective. ■
“2. The limitation of time provided by Section 12270, General Code, within which proceedings to reverse, vacate or modify a judgment shall be commenced, begins to run from the date of the judgment sought to be reversed and not from the overruling, of a motion for a new trial in the cause.”
The motion for a new trial affects the time when the limitation within which a petition in error may be filed begins to run only in those cases where the motion for a new trial prevents the entry of the judgment.
This court having declared that the overruling of a motion for a new trial is not a final order, as defined by Section 12258, General Code, and as used in Section 12270, General Code, and having consistently adhered to that declaration, the conferring of jurisdiction upon the court of appeals by Section 6, Article IV of the Constitution, to review, affirm, modify or reverse judgments of the court of common pleas, and the holding of this court in the case of Cincinnati Polyclinic v. Batch, supra, that the general assembly may provide by law for the method of exercising that jurisdiction, call for no new or different interpretation of the statutes in reference to the term “final order” or new or different interpretation with reference to the time when the limitation within which a petition in error may be filed begins to run.
The defendant in error, however, contends that by reason of the waiver of service of summons upon the petition in error in the court of appeals, and the entering of appearance in the following language, *477 “We hereby waive the issuing and service of summons in error in this case and enter the appearance of the defendant,” the court was enabled to exercise the jurisdiction which had been conferred by' the constitution, and undertakes to distinguish between the jurisdiction conferred upon the court of appeals by the Constitution of 1912 and the jurisdiction conferred upon the court, of appeals by the legislature under the provision of the constitution existing prior to 1912.
We are unable to ..follow the logic of this argument. Jurisdiction conferred by the constitution differs from jurisdiction conferred by statute within the power of the general assembly only in stability, the jurisdiction conferred by the constitution being subject to change only by a vote of the electorate of the state while jurisdiction conferred by the general assembly is subject to change by it, as well as the electorate of the state; but, while in force, the one is as effective to the extent of jurisdiction conferred as the other.
The constitution having conferred upon the court of appeals jurisdiction to “review, affirm, modify or reverse the judgments of * * * courts of record,” and having conferred upon the legislature the power to provide by law for the method of exercising that jurisdiction, and the legislature having provided by law the method of exercising that jurisdiction, the law enacted by the general assembly until repealed is as effective for all purposes relating to the method of exercising the jurisdiction conferred by the constitution as it would be were it a part of the constitution itself.
*478 This court having heretofore declared that the legislature has the power to provide the method of exercising the jurisdiction, the court of appeals is governed in the exercise of its jurisdiction by the method the legislature has provided, and litigants, and all others, are without power to provide any other manner for the exercising of jurisdiction.
Having reached the conclusion that the court of appeals was without power to exercise the jurisdiction to “review, affirm, modify or reverse” the judgment of the court of common pleas, by reason of the fact that more than seventy days had intervened between the entry of the decree granting the divorce and the filing of the petition in error, it becomes unnecessary to consider the other questions raised in this case.
The judgment of the court of appeals is reversed and this cause is remanded to the court of appeals with direction to dismiss the petition in error.

Judgment reversed.

Johnson, Hough, Wanamaker, Jones and Matthias, JJ., concur.
Marshall, C. J., dissents.